**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| In re: <br><br> GORDON PROPERTIES, LLC, <br><br> Debtor. | Case No.  09-18086-RGM <br> (Chapter 11) |
| GORDON PROPERTIES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST OWNERS' ASSOCIATION OF FORTY SIX HUNDRED, INC., *et al.*, <br><br> Defendants. | Adv. Proc. No. 11-1020 |

**MEMORANDUM OPINION**

THIS CASE is before the court on Gordon Properties, LLC's motion for a preliminary injunction. The motion will be denied.

Gordon Properties, LLC, filed a voluntary petition in bankruptcy pursuant to chapter 11 of the United States Bankruptcy Code in this court on October 2, 2009. It filed its petition as a result of a disagreement with First Owners Association of Forty Six Hundred Condominium, Inc., over an assessment against one of the 39 units it owns of about $300,000 for condominium fees.[1] In addition to court actions to collect the assessment, the Association enforced its by-laws which provide that any unit owner in arrears in the payment of his condominium fees for more than 30 days may not

---

[1] The Board of Directors determined that it had improperly allocated prior assessments among all unit owners by under assessing one unit owned by the debtor. The assessment was intended, to the extent permitted by the statute of limitations, to correct the prior improperly allocated assessments.

1

vote at the annual meeting. In a prior suit in this court, relating to the 2009 annual meeting, this court determined that enforcement of this by-law violated §362 of the Bankruptcy Code when used to collect pre-petition condominium assessments, but denied the debtor's requested relief because the court found that the actions taken at the 2009 annual meeting were not taken to collect the pre-petition assessment. Despite winning, the Association appealed the determination of the applicability of §362 to its by-laws. The District Court denied the appeal. The Association then appealed the case to the Court of Appeals. Oral argument has not been scheduled on the appeal.

The Board of Directors scheduled the 2010 annual meeting for October 6, 2010, and sent notice to all unit owners. However, prior to the meeting, the Board postponed the meeting. The Association asserted that it postponed the meeting because it was on the horns of a dilemma. It stated that if it allowed the debtor to vote, it would violate the by-law. On the other hand, if it enforced the by-law provision, it would be subject to sanctions by this court for improperly enforcing the same provision.

In light of the postponement, the debtor filed a complaint asserting that the postponement was a violation of the automatic stay because it denied the debtor its right to vote in an effort to collect the pre-petition assessment. In this suit, which will be tried shortly, the debtor sought a preliminary injunction directing that the 2010 annual meeting be held and that it be permitted to vote at the annual meeting.

The debtor must satisfy four conditions in order to obtain a preliminary injunction. It must:

> establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Winter v. Natural Res. Def. Council, Inc*. 555 U.S. 7, 129 S.Ct. 365, 374 (2008). The two legs upon which this court focuses are the balance of equities and the public interest. The public has an interest in assuring that full, fair, and honest elections are held at condominium associations. In this case, the last annual meeting was held in October, 2006. All of the directors now serving are holdover directors or were appointed by holdover directors. All directors are elected for two-year terms. The terms are staggered with one-half of the terms expiring in each alternate year. With the last directors elected in 2006, one-half of the terms expired in 2007, the other one-half in 2008. A particular portion of the public is affected: all the unit owners. Each is entitled to a full, fair and honest election and to hold the directors accountable. The reason the annual meeting was postponed indefinitely was because one member who owns 39 units and who is in bankruptcy is allegedly delinquent in the payment of condominium fees on one unit and is insisting on its right to vote. The Board's action punishes all unit owners. None can vote. The effect of the Board of Directors' decision is to once again perpetuate them in office without facing a vote of the members of the Association. By the time the next annual meeting is held in October, 2011, the Association will have gone five years without an election.[2] This is a strong public interest to grant preliminary relief.

Public policy, however, is only one of the four factors that must be satisfied. The equities must also be considered. The question is whether preliminary relief will accord the debtor meaningful relief without undue disruption of the condominium's business affairs. At this point, the next annual meeting will be held in about four months. In order to hold the election, an election committee needs to be formed, nominees proposed, and the meeting planned, advertised and held.

---

[2] The Association's appeal to the Court of Appeals does not seek to and would not result in re-convening the 2009 annual meeting. The appeal only seeks reversal of this court's determination that enforcement of the by-law provision violates §362 if used as a means to collect pre-petition condominium assessments reversed.

The whole process is likely to take 30 to 60 days. If a new meeting was immediately ordered, just as the new board would be elected, the new board would begin planning for the 2011 annual meeting and election. There is no showing of any particular or significant business other than the election of the members of the Board of Directors that would be transacted at the 2010 annual meeting or that must be attended to by the Board of Directors prior to October 2011.

Except for the controversy between the Association and the debtor over the allocation of assessments to one of its units, there is no allegation of mismanagement of the condominium's business. The controversy between the Association and the debtor will be resolved though another case pending in this court, not through a change in membership of the Board of Directors. The membership of the Board of Directors does not alter the responsibility of the Board to properly allocate and collect condominium fees or determine what the proper allocation is.

There is a cost to holding an election, both a monetary cost in preparing and holding an election and the effect on the management of the condominium as members of the Board of Directors change. All directors will be subject to election at the next election. If an election is held before the October, 2011 annual meeting, half of the newly elected board will be up for re-election at the 2011 annual meeting.[3]

While recognizing the importance of the right to vote at the annual business meeting of a condominium, the unit owners' right to elect and hold members of the Board of Directors accountable, the marginal gain in holding the 2010 annual meeting, which would include the election of the Board of Directors, before the 2011 annual meeting must be weighed against the

---

[3] If the court ordered the 2010 election be held before the 2011 election, all directors would be subject to election. Those with the most votes would be elected for a term to expire in October, 2012; the remainder would be elected for a term ending in October, 2011.

disadvantages of going through two elections in a relatively brief time. In weighing the relief that could be achieved by ordering the 2010 annual meeting (which would be held soon before the 2011 annual meeting) against the benefits of holding the meeting and the costs and affects on the ongoing business of the Association, the balance of equities tips in favor of the defendants at this preliminary stage. It is better to proceed to a final hearing and a final decision which can reasonably be anticipated before the 2011 annual meeting.

The motion for a preliminary injunction will be denied.

Alexandria, Virginia
May 23, 2011

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Donald F. King
Jennifer Sarvadi
Michael Dingman

16855